# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-630V
**Filed: May 23, 2016**
[Not to be published]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| WENDY EARLY, on behalf of minor child, C.B., | |
| Petitioner, | Dismissal; Gardasil; |
| v. | Autonomic Dysfunction; Syncopy; |
| | Adrenal Gland Insufficiency; |
| | Irregular Heart Rate; Headaches; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Chronic Nausea; Depression; Hand and Foot Tremors; Anxiety. |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Larry D. Wright</u>, Wright & Fisher, LLC, Kansas City, MO, for petitioner.
<u>Debra A. Filteau Begley</u>, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

**Gowen,** Special Master:

On June 19, 2015, petitioner filed a petition on behalf of her minor child, C.B., for compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] alleging that a Gardasil vaccination received on June 20, 2012, caused C.B. to suffer irregular heart rate and syncopy, adrenal gland insufficiency, autonomic dysfunction, chronic nausea, hand and foot tremors, hand discoloration, anxiety, headaches, and depression. Petition at Preamble, filed June

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

19, 2015. The information in the record, however, does not show entitlement to an award under the Program.

On May 23, 2016, petitioner moved for a decision dismissing this petition, stating that "[a]n investigation of the facts and science supporting Petitioner's claim has demonstrated that Petitioner will be unable to prove she is entitled to compensation in the Vaccine Program." Motion Dismissing the Petition at ¶ 1, filed May 23, 2016.

To receive compensation under the Program, petitioner must prove either (1) that C.B. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that C.B. suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that C.B. suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that C.B.'s alleged injuries was caused by the Gardasil vaccine.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that C.B. suffered a "Table Injury" or that the injuries were "actually caused" by the Gardasil vaccination. **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

> **/ Thomas L. Gowen**
> Thomas L. Gowen
> Special Master